```
            IN THE UNITED STATES DISTRICT COURT
              FOR THE DISTRICT OF NEW JERSEY
```

| | |
|---|---|
| STELLA PRONESTI,<br><br>        Plaintiff,<br><br>    v.<br><br>NATIONAL CREDIT ADJUSTERS,<br><br>        Defendant. | HONORABLE JEROME B. SIMANDLE<br><br>Civil Action<br>No. 15-6319 (JBS/KMW)<br><br>**MEMORANDUM OPINION** |

**SIMANDLE, Chief Judge:**

In this action, Plaintiff Stella Pronesti (hereinafter, "Plaintiff") alleges that Defendant National Credit Adjusters (hereinafter, "Defendant") violated the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692-1692p (hereinafter, the "FDCPA"), in its efforts to collect an outstanding debt against Plaintiff.  (See generally Compl. at ¶¶ 11-38.)  Following Defendant's failure to answer or otherwise respond to the allegations of the Complaint, Plaintiff moves for default judgment under Federal Rule of Civil Procedure 55(b)(2).  [See Docket Item 5.]

For the reasons that follow, Plaintiff's unopposed motion will be granted,[1] and the Court will enter a Default Judgment in

---

[1] The deadline to respond to Plaintiff's Complaint expired on September 23, 2015, and the deadline to file opposition to the pending motion lapsed on April 4, 2016.  Plaintiff's submissions make plain, as explained below, that she served the Complaint

favor of Plaintiff and against Defendant in the amount of $2,320. The Court finds as follows:

  1. **Factual and Procedural Background**. In her Complaint, Plaintiff alleges that Defendant exceeded the bounds of the FDCPA in its efforts "to collect an alleged consumer debt," by (1) placing "repeated harassing telephone calls to Plaintiff's cellular telephone," (2) refusing to divulge the circumstances underpinning the alleged debt, (3) threatening legal action and/or imprisonment, (4) failing to send written notice evidencing the underlying debt, and (5) relying upon otherwise "unfair and unconscionable means to collect the alleged debt." (Compl. at ¶¶ 22-38.) As a result of these allegations, Plaintiff seeks $1,000 in statutory damages under the FDCPA, 28 U.S.C. § 1692k(a)(1), as well as reasonable attorneys' fees and court costs. (Id. at ¶ 38.)

  2. On September 3, 2015, Plaintiff personally served the Complaint upon Defendant at its principal place of business in Hutchinson, Kansas. [See Docket Items 3.] Following Defendant's failure to answer or otherwise respond to the Complaint, the Court entered default, and Plaintiff's motion for default judgment followed. [See Docket Item 5.] In its motion, Plaintiff takes the position that the unchallenged facts of the

---

and pending motion upon Defendant. [See, e.g., Docket Items 3 & 5-5.]

Complaint demonstrate her entitlement to entry of judgment against Defendant in the amount of statutory damages, plus reasonable attorneys' fees and costs, because her allegations "easily" reflect that Defendant's collections-related conduct violated numerous sections of the FDCPA. (See Pl.'s Br. at 4-9.)

3.  **Standard of Review**.  Federal Rule of Civil Procedure 55(b)(2) authorizes courts to enter a default judgment against a properly served defendant who fails to a file a timely responsive pleading. See FED. R. CIV. P. 55(b)(2); see also Chanel, Inc. v. Matos, ___ F. Supp. 3d ____, No. 14-3509, 2015 WL 4773072, at *2 (D.N.J. Aug. 13, 2015) (citing Chanel v. Gordashevsky, 558 F. Supp. 2d 532, 535 (D.N.J. 2008) (citing Anchorage Assoc. v. Virgin Is. Bd. of Tax Rev., 922 F.2d 168, 177 n.9 (3d Cir. 1990))).  Nevertheless, the decision of whether to enter a default judgment rests within the sound "discretion of the district court," Hritz v. Woma Corp., 732 F.2d 1178, 1180 (3d Cir. 1984), and the Court of Appeals for the Third Circuit has "repeatedly state[d] [its] preference that cases be disposed of on the merits whenever practicable." Id. at 1181.

4.  As a result, prior to entering a judgment of default, a court must determine: (1) whether the plaintiff produced sufficient proof of valid service and evidence of jurisdiction, (2) whether the unchallenged facts present a legitimate cause of

3

action, and (3) whether the circumstances otherwise render the entry of default judgment "proper." Teamsters Health & Welfare Fund of Phila. & Vicinity v. Dubin Paper Co., No. 11-7137, 2012 WL 3018062, at *2 (D.N.J. July 24, 2012) (internal citations omitted). In so considering, a court must accept as true every "well-pled" factual allegation of the complaint. Comdyne I. Inc. v. Corbin, 908 F.2d 1142, 1149 (3d Cir. 1990). No presumption of truth, however, applies to the plaintiff's legal conclusions or factual assertions concerning damages. See id.; see also Chanel, Inc., ___ F. Supp. 3d ____, 2015 WL 4772072, at *2 (citations omitted).

5. **Subject Matter Jurisdiction**. This Court has federal question jurisdiction over the subject matter of this FDCPA suit pursuant to 28 U.S.C. § 1331.

6. **Evidence of Personal Jurisdiction and Proof of Service**. As to the first inquiry, the Court must consider whether Plaintiff produced adequate evidence of this Court's personal jurisdiction over Defendant,[2] an entity with a principal

---

[2] Based upon Plaintiff's certificate of service, the Court finds sufficient proof that Plaintiff personally served Defendant (through an out-of-state process server) at its principal place of business in Hutchinson, Kansas. [See Docket Item 3.] The certification of service appended to the pending motion equally reflects that Plaintiff served Defendant with a copy of her default judgment submission. [See Docket Item 5-5.]

4

place of business in Hutchinson, Kansas.[3]  Because the record fails to disclose any basis to exercise general jurisdiction over Defendant,[4] the Court must consider whether this FDCPA suit "'arise[s] out of or relate[s] to the defendant's [specific] contacts with the forum.'"  Otsuka Pharm. Co. v. Mylan Inc., 106 F. Supp. 3d 456, 463 (D.N.J. 2015) (quoting Daimler AG v. Bauman, ___ U.S. ____, 134 S.Ct. 746, 754 (2014) (quoting Helicopteros Nacionales de Colombia, S.A. v. Hall, 466 U.S. 408, 414 n.8 (1984))); see also Gen. Elec. Co. v. Deutz AG, 270 F.3d 144, 150 (3d Cir. 2001) (quoting Burger King Corp. v. Rudzewicz, 471 U.S. 462, 472 (1985)).  Application of these principles here, though, requires no complex inquiry, because the allegations of the Complaint reflect that Defendant directed "repeated" communications toward this forum, and explains that these intentional communications form the fabric of her underlying suit.  (See generally Compl. at ¶¶ 11-38.)  In other words, the undisputed facts of this action readily support the

---

[3] The Complaint identifies Defendant as a "a corporation with its principal mailing address located at 327 West 4th Street, P.O. Box 3023, Hutchinson, Kansas 67504."  (Compl. at ¶ 7.)
[4] As this Court explained in Otsuka, the Supreme Court's decision in Daimler determined that a "defendant's 'place of incorporation and principal place of business'" provide "the paradigm, and seemingly exclusive, bases" for exercise general jurisdiction over a corporate defendant.  Otsuka, 106 F. Supp. 3d at 465.  In this case, Plaintiff represents, on the face of her Complaint, that Kansas serves these purposes for Defendant, not New Jersey.  (See Compl. at ¶ 7.)

5

exercise of specific jurisdiction over Defendant. See Grand Entm't Grp., Ltd. v. Star Media Sales, Inc., 988 F.2d 476, 482-83 (3d Cir. 1999) (finding the exercise of personal jurisdiction appropriate in connection with the entry of a default judgment, where the default judgment defendants "deliberately and personally" directed "at least twelve" relevant telephone and mail communications toward the forum); see also City Select Auto Sales, Inc. v. David/Radall Assocs., Inc., No. 11-2658, 2015 WL 4507995, at *2 (D.N.J. July 23, 2015) (following Grand Entm't Grp., Ltd., and finding specific jurisdiction on account of facsimile transmissions directed at this forum).

7. **Legitimate Cause of Action**. With respect to the second inquiry, the Court must consider whether the undisputed facts of Plaintiff's Complaint allege legitimate claims for violations of the FDCPA. On this issue too, the Court finds the inquiry relatively straightforward, because any one of Plaintiff's claims, standing alone, states a valid cause of action under the FDCPA.[5] (See generally Compl. at ¶¶ 23-38.) Indeed, the repeated harassing telephone calls (littered with profanities), threats of imprisonment and/or arrest, and the

---

[5] Even more, because Plaintiff seeks statutory damages only for a single violation, see 15 U.S.C. § 1692k(a)(2)(A) (setting forth the statutory damage award of $1,000 per violation), rather than for each of her eight independent counts, the Court need only find sufficient allegations of a single violation. (See Compl. at ¶¶ 23-38; Pl.'s Br. at 8.)

6

failure to send any written notice – each of which Plaintiff alleges here – all potentially amount to independent violations of the strict-liability scheme embodied under the FDCPA. See, e.g., 15 U.S.C. §§ 1692d(2), (5) (explaining that a debt collector may not use obscene or profane language or repeatedly or continuously cause a telephone to ring), §§ 1692e(4), (10) (explaining that a debt collector may not imply or represent that nonpayment will result in imprisonment or make other false representations or implications), § 1692f (explaining that a debt collection may not use, overall "fair or unconscionable means"), and § 1692g (providing that a debt collector must send the consumer a written notice validating the claimed debt, by reference to specific underlying information); see also Allen ex rel. Martin v. LaSalle Bank, N.A., 629 F.3d 364, 368 & n.7 (citations omitted) (3d Cir. 2011) (explaining the "generally accepted" notion that the FDCPA constitutes a "strict liability statute to the extent it imposes liability without proof of an intentional violation"). In view of these circumstances, the Court concludes that Plaintiff has alleged at least one legitimate claim under the FDCPA.

  8. **Appropriateness of Default Judgment**. Turning then to the final inquiry, whether the entry of default judgment would be proper, the Court must consider "'(1) whether the party subject to default has a meritorious defense, (2) the prejudice

7

suffered by the party seeking default, and (3) the culpability of the party subject to default.'" Chanel, Inc., ___ F. Supp. 3d ___, 2015 WL 4773072, at *5 (quoting Doug Brady, Inc. v. N.J. Bldg. Laborers Statewide Funds, 250 F.R.D. 171, 177 (D.N.J. 2008)). Defendant has, in this instance, failed to proffer any defense, meritorious or otherwise, to Plaintiff's claims, and the Complaint itself reflects no fatal deficiency. See Surdi v. Prudential Ins. Co. of Am., No. 08-225, 2008 WL 4280081, at *2 (D.N.J. Sept. 8, 2008) ("The facts as alleged in the Complaint provide no indication of a meritorious defense."). Moreover, because Plaintiff has no other means of seeking damages for the statutory harms caused by Defendant,[6] Plaintiff would be prejudiced and unable to pursue this action in the absence of a default judgment. See Coach, Inc. v. Ocean Point Gifts, No. 09-4215, 2010 WL 2521444, at *5 (D.N.J. June 14, 2010) (finding that the defendant's failure to answer complaint prevented the plaintiff "from prosecuting their case, engaging in discovery, and seeking relief in the normal fashion"); Gowan v. Cont'l Airlines, Inc., No. 10-1858, 2012 WL 2838924, at *2 (D.N.J. July 9, 2012) (noting that the inability to "vindicate rights" absent a default judgment constitutes prejudice). Lastly, because Defendant failed to participate in this litigation despite

---

[6] Plaintiff does not seek an award for any "actual damage" as defined under the FDCPA. 15 U.S.C. § 1692k(a)(1).

8

effective service, also including recent service of this motion, the Court can find no cause for Defendant's default other than culpable conduct. See Lee, 2014 WL 7339195, at *3 (finding the defendant's failure to respond despite awareness of the litigation "due to culpable conduct"). For all of these reasons, the Court finds the entry of default judgment appropriate, see Buskirk v. Premium Recovery Grp., Inc., No. 15-3025, 2016 WL 796889, at *2 (D.N.J. Feb. 29, 2016) (finding the entry of default judgment in an FDCPA action appropriate), and turns to the issue of damages.

    9.    **Statutory Damage Award**.  The FDCPA provides, in relevant part, that the Court may award statutory damages in an amount "not exceeding $1,000." 15 U.S.C. § 1692k(a)(2)(A). The decision of whether to award "'the full amount'" of statutory damages, however, rests within the discretion of the Court. Buskirk, 2016 WL 796889, at *3 (quoting Manopla v. Bryant, Hodge & Assocs., LLC, No. 13-338, 2014 WL 793555, at *6 (D.N.J. Feb. 26, 2014)). In light of the multiple violations at issue here, and the prospect of a far greater award in the event this action proceeded on the merits,[7] the Court finds a statutory award in the amount of $1,000 reasonable. See Buskirk, 2016 WL 796889,

---

[7] Indeed, in the event Plaintiff prevailed on the merits, she may have been entitled to a statutory award of as much as $8,000 (or, $1,000 for each of her eight counts). See 15 U.S.C. § 1692k(a)(2)(A).

9

at *3 (granting the same statutory award); Meth v. ARM WNY, LLC, No. 14-1613, 2015 WL 1021287, at *2 (D.N.J. Mar. 9, 2015) (same).

   10. **Reasonable Attorneys' Fees and Costs of Suit**. Finally, the Court turns to Plaintiff's request for $860 in attorneys' fees and $460 in costs. (See Pl.'s Br. at 9; Ginsburg Dec. at ¶¶ 1-8; Ex. A to Ginsburg Dec.)  As in the statutory damage context, the FDCPA permits an award of "costs of the action" and "reasonable attorney's fees... in the case of any successful action to enforce" the FDCPA.  15 U.S.C. § 1692k(a)(3).  In awarding fees under this rubric, the "court should determine what constitutes a reasonable fee in accordance with the substantial Supreme Court precedent pertaining to the calculation of reasonable attorney's fees." Graziano v. Harrison, 950 F.2d 107, 114 (3d Cir. 1991).  Here, the declaration of Amy Lynn Bennecoff Ginsburg, Esq. (and its attached exhibit) provides great detail concerning the hourly rates and the services performed.  (See generally Ginsburg Dec. at ¶¶ 1-8; Ex. A to Ginsburg Dec.)  The reduced hourly rates sought are reasonable, consisting of $250 for senior associate Amy Lynn Bennecoff Ginsburg, $200 for associate Rachel Stevens, $350 for partner Craig Thor Kimmel, and $125 for paralegal Christine Vargas.  (See Ginsburg Dec. at ¶ 5 n.1.)  Indeed, a line-by-line review of the billing statement reflects that

counsel for Plaintiff spent 4.6 hours on research, client contact, pleadings drafting, and filing the present motion for default judgment, but seeks reimbursement for the "reduced file time" of only 4.1 hours, using billing discretion.  (See Ex. A to Ginsburg Dec.)  Counsel for Plaintiff accrued, in addition, $460 in costs from the Complaint filing fee and for service on Defendant.  (See id.)  The Court finds these fees and costs well documented, reasonable, and necessarily incurred in prosecuting Plaintiff's rights under the FDCPA, and will award fees and costs in the requested amount of $1,320.  See Buskirk, 2016 WL 796889, at *3 (awarding a reasonable attorneys' fee of over $7,500 for comparable work).

11. **Conclusion**.  For all of these reasons, Plaintiff's motion for default judgment will be granted, and the Court will enter a Default Judgment against Defendant and in favor of Plaintiff in the amount of $2,320, consisting of $1,000 in statutory damages under the FDCPA, reasonable attorneys' fees of $860, and court and service costs in the amount of $460.

12. An accompanying Default Judgment will be entered.


 April 20, 2016                     s/ Jerome B. Simandle
Date                                JEROME B. SIMANDLE
                                    Chief U.S. District Judge